Toomey, J.
The plaintiff filed this action against his former employer, John Hancock Mutual Life Insurance Company, and individual defendants in connection with the termination of his employment. The defendants now move to stay the lawsuit and to compel arbitration pursuant to G.L.c. 251, §§1 and 2(a) and the Federal Arbitration Act, 9 U.S.C. §1 etseq. For the following reasons, the defendants’ motion is denied.
BACKGROUND
The plaintiff, Stephen Moses, worked for the defendant, John Hancock Mutual Life Insurance Company (Hancock Insurance), from June, 1984 to November, 1994 as a marketing representative. Hancock Insurance sells registered investment products and is a member of the National Association of Securities Dealers (NASD).
In June 1984, Moses also initiated a business relationship with John Hancock Distributors, Inc. (Hancock Distributors), a corporate entity distinct from, but affiliated with, Hancock Insurance. Hancock Distributors sells mutual funds and other securities, and is a member of the NASD.
On June 5, 1984, Moses completed and signed a Uniform Application for Securities Industry Registration, or Form U4, by which he applied for registration with the NASD, listing Hancock Distributors as the firm with which he was applying for registration. On the same form, Moses stated that he would also maintain registration with another securities dealer, Hancock Insurance. Moses did not indicate whether his additional registration with Hancock Insurance was with the NASD or another securities dealers organization.
By signing the Form U4, Moses agreed
3 ... to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to *140 be arbitrated under the rules, constitutions, or bylaws of the [NASD].
Section 8 of the NASD Code requires arbitration of all disputes within the scope of §1 of the Code,[2] including disputes “arising out of the employment or termination of employment of associated person(s) with any member of [NASD].”
In January, 1987, Moses was promoted to the position of staff manager of Hancock Insurance. At that time, he signed an agreement, and thereafter signed subsequent similar agreements, with Hancock Insurance setting forth the parties’ rights and obligations. Moses and Hancock Insurance signed, on March 15, 1990, the last such agreement, a “Sales Manager’s Agreement,” which read, in pertinent part:
“Limitation on Actions”
No action at law or suit in equity involving any claim or matter under or in connection with this agreement shall be maintained until thirty days shall have expired after service . . .
By its terms, the “Sales Manager’s Agreement” superseded:
any contracts and agreements as to matters herein referred to heretofore existing between the Company and Staff Manager and all rights conferred thereby or arising therefrom shall forthwith cease and determine, unless otherwise expressly provided herein.
In November 1994, Hancock Insurance closed its Fitchburg office in which Moses worked. Moses claims that the defendants had engaged in a campaign to defame the plaintiff, eliminate his position, and terminate him. In February 1995, Moses brought this action against the defendants, alleging defamation, civil conspiracy, breach of the covenant of good faith and fair dealing, intentional interference with contractual relations, invasion of privacy, and civil rights violations. Hancock Insurance now seeks to stay Moses’s complaint pending arbitration of his dispute with Hancock Insurance. Moses opposes the request for stay.
DISCUSSION
By their motion, the defendants seek to compel Moses to arbitrate his claim before the NASD, claiming that, by signing the Form U4, Moses agreed to submit the instant dispute to arbitration before the NASD. They further contend that the terms of the Form U4 application are binding under M.G.L.c. 251, §1,[3] which provides:
A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties shall be valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract.
Moses is not obligated, however, to submit his claim against Hancock Insurance to arbitration before the NASD. Whether or not the Form U4 terms ever limited Moses’ choice of forum for claims against Hancock Insurance (in contrast to Hancock Distributors), the 1990 “Sales Manager’s Agreement" superseded the Form U4 and recognizes Moses’s right to bring this suit against Hancock Insurance.[4] The “Sales Manager’s Agreement" does not mandate that Moses submit any claims against Hancock Insurance to the NASD for arbitration, but, to the contrary, the “Agreement” acknowledges that Moses may bring an “action at law or suit in equity.”
The defendants argue that the “Sales Manager’s Agreement” is inapplicable to this controversy because the “Agreement’s” superseding function applies only to matters referred to in the “Agreement.” The argument is unpersuasive. Both the “Sales Manager’s Agreement” and the Form U4 provide methods of dispute resolution between the parties. Had Hancock Insurance intended to require Moses to submit claims such as the present one to arbitration only, Hancock could and should have expressly so stated in the “Sales Manager’s Agreement.” Therefore, in light of the “Limitation on Actions” clause of the “Agreement,” which expressly contemplates dispute resolution by a judicial tribunal, this court will not enforce a superseded provision in the Form U4 compelling arbitration.
ORDER
For the foregoing reasons, the defendant’s motion for stay of court action and to compel arbitration is DENIED.

Section 1 of the NASD Code reads as follows:
§1: This Code of Arbitration Procedure is prescribed and adopted ... for the arbitration of any dispute, claim, or controversy arising out of or in connection with the business of any member of the Association, or arising out of the employment or termination of employment of associated person(s) with any member, with the exception of disputes involving the insurance business of any member which is also an insurance company:
(1) between or among members;
(2) between or among members and associated persons;
(3) between or among members or associated persons and public customers, or others; and
(4) between, or among members, registered clearing agencies with which the Association has entered into an agreement to utilize the Association’s arbitration facilities and procedures, and participants, pledges, or other persons using the facilities of a registered clearing agency, as these terms are defined under the rules of such a registered clearing agency.

Amended by St. 1991, c. 398, §96.

The defendants misplace reliance upon Lqjoie v. FMR Corp., Norfolk Super. Ct. Civil Action No. 95128, 3 Mass. L. Rptr. 493 (May 29, 1995, which is distinguishable from the instant case because the plaintiff in Lcgoie did not sign an agreement superseding the Form U4’s arbitration clause.